IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TROY HOWE,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 1:08-cv-55-PMW<br><br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Troy Howe's ("Plaintiff") appeal of Michael J. Astrue's (the "Commissioner") final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

### BACKGROUND

In January 2006, Plaintiff applied for SSI, alleging disability beginning on July 24, 2002, due to back problems and depression.[1] Plaintiff's application was denied initially in June 2006,[2] and upon reconsideration in December 2006.[3] On February 1, 2007, Plaintiff requested a hearing

---

[1] *See* docket no. 8, Administrative Record ("Tr. ____"), 70, 75.

[2] *See* Tr. 47.

[3] *See* Tr. 46.

before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on August 16, 2007.[5] The ALJ issued a written decision on October 2, 2007, determining that Plaintiff was not entitled to SSI because he had the residual functional capacity ("RFC") to perform the full range of sedentary, unskilled work with certain specified limitations.[6]

Plaintiff filed a timely request for review of the ALJ's decision.[7] On March 17, 2008, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On May 22, 2008, Plaintiff filed his complaint in this case, which was assigned to Chief District Judge Tena Campbell.[9] Thereafter, in response to a court order,[10] both parties consented to have a Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11] Consequently, the case

---

[4] *See* Tr. 48.

[5] *See* Tr. 224-81.

[6] *See* Tr. 15-30.

[7] *See* Tr. 13-14.

[8] *See* Tr. 4-7.

[9] *See* docket no. 3.

[10] *See* docket no. 9.

[11] *See* docket nos. 10-11.

was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12]

On August 21, 2008, the Commissioner filed his answer to Plaintiff's complaint,[13] and the court received the Administrative Record the following day.[14] Plaintiff filed his opening brief on October 20, 2008.[15] The Commissioner filed his responsive brief on November 17, 2008.[16] Plaintiff filed his reply brief on December 8, 2008.[17]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor

---

[12] *See id.*

[13] *See* docket no. 5.

[14] *See* docket no. 8.

[15] *See* docket no. 12.

[16] *See* docket no. 13.

[17] *See* docket no. 14.

substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

benefits.  If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii).  At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work."  20 C.F.R. § 416.920(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*.  At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled.  If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred in:  (1) evaluating Plaintiff's credibility, (2) evaluating the opinion of Plaintiff's treating physician, and (3) assessing Plaintiff's RFC.  The court will address each argument in turn.

### I. Credibility

Plaintiff argues that the ALJ erred in his credibility determination.  In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will

not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. § 416.929(c); *see also, e.g., Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ concluded that Plaintiff's testimony was "only partially credible."[18] The ALJ recognized Plaintiff's assertions that he was unable to work and had been living an extremely limited lifestyle because of his impairments and related symptoms; however, the ALJ determined that those assertions were inconsistent with Plaintiff's ability to perform his activities of daily living.[19] Specifically, the ALJ cited to portions of the record that indicated Plaintiff had been able to care for his personal needs, prepare meals, shop for groceries, handle his finances, watch television, and care for his animals.[20] The ALJ determined that Plaintiff's ability to perform those activities was "highly inconsistent with [Plaintiff]'s allegation of the need to lie down most of the day and of total disability."[21] The ALJ noted that the medical evidence in the record did not contain a bed rest order from any treating physician and that Plaintiff had sought very little treatment for his allegedly disabling conditions.[22] The ALJ noted Plaintiff's own testimony that he had not seen a health provider recently for his conditions and was currently taking only ibuprofen to control his pain.[23] After recognizing Plaintiff's assertion that he was unable to afford medical treatment or medications, the ALJ noted that there was no evidence indicating that Plaintiff had attempted to inquire about free or low-cost treatment and

---

[18] Tr. 27.

[19] *See* Tr. 26.

[20] *See id*.

[21] *Id*.

[22] *See id*.

[23] *See* Tr. 27.

medications.[24]  Finally, the ALJ acknowledged that Plaintiff used a cane to ambulate, but also noted that no treating physician had ever prescribed or ordered the use of a cane and that the only reference to a cane in the record was made by a nontreating physician approximately twenty months prior to the alleged onset date of Plaintiff's disability.[25]

Plaintiff argues that the ALJ failed to properly apply the factors set forth in SSR 96-7p in reaching his credibility determination.  The court disagrees.  The ALJ specifically considered the following factors set forth in SSR 96-7p:  Plaintiff's daily activities; the type of medication Plaintiff was taking to alleviate pain and other symptoms; and the treatment, or lack thereof, that Plaintiff was receiving or had received for relief of pain and other symptoms.  *See* SSR 96-7p; *see also* 20 C.F.R. § 416.929(c).  Accordingly, the court concludes that the ALJ relied upon proper factors in evaluating Plaintiff's credibility.  *See id.*; *see also Thompson*, 987 F.2d at 1489; 20 C.F.R. § 416.929(c).

As part of his argument about the ALJ's credibility determination, Plaintiff attempts to minimize the weight of the evidence supporting the ALJ's credibility determination and emphasize the weight of the evidence that favors his position.  Arguing the weight of the evidence before the ALJ is a futile tactic in this case because it is not this court's role to reweigh the evidence before the ALJ.  *See Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).  Indeed, it is the ALJ's role is to weigh and resolve evidentiary conflicts and inconsistencies.  *See,*

---

[24] *See id*.

[25] *See id*.

*e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's credibility determination. *See Kepler*, 68 F.3d at 391; *see also Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Based upon the foregoing, the court concludes that the ALJ relied upon proper factors in reaching his credibility determination. In addition, the court has reviewed the portions of the record the ALJ cited to support his credibility determination. After that review, the court concludes that the ALJ's credibility determination is closely and affirmatively linked to substantial evidence in the record. *See Kepler*, 68 F.3d at 391. Accordingly, the court will not disturb the ALJ's credibility determination.

## II. Treating Physician

Plaintiff argues that the ALJ erred in evaluating the opinion of one of his treating physicians, Dr. Roger Egert. Because Dr. Egert is one of Plaintiff's treating physicians, his opinions are entitled to controlling weight if they are well supported and are not inconsistent with other substantial evidence in the record. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *see also* 20 C.F.R. § 416.927(d)(2). At the same time, and as the court noted above, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. If an ALJ chooses to reject the opinion

of a treating physician, he or she must provide "specific, legitimate reasons" for doing so. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (quotations and citation omitted).

Plaintiff's assertion that the ALJ improperly evaluated Dr. Egert's opinion is based on the ALJ's conclusion that "the medical record does not contain any opinions from treating or examining physicians indicating that [Plaintiff] is disabled or that he has limitations greater than those determined in [the ALJ's] decision."[26] Plaintiff asserts that the ALJ's conclusion does not provide "specific, legitimate reasons" for rejecting Dr. Egert's opinions, *id*. (quotations and citation omitted), and is "a bare conclusion . . . beyond meaningful judicial review." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The court disagrees.

There is no indication that the ALJ actually rejected any opinion evidence from Dr. Egert. As noted by the Commissioner, in the specific portions of Dr. Egert's reports that Plaintiff has cited, Dr. Egert is merely recounting Plaintiff's subjective complaints and statements, not providing opinions. Accordingly, Plaintiff has failed to identify any opinion evidence from Dr. Egert that contradicts the ALJ's conclusion referenced above. Moreover, the court has reviewed the reports Plaintiff has cited and determined that they comport with the ALJ's conclusion.

For these reasons, Plaintiff's argument fails. The court concludes that the ALJ did not err in evaluating Dr. Egert's opinions.

---

[26] Tr. 28.

### III.  RFC

While Plaintiff makes the general argument that the ALJ erred in assessing Plaintiff's RFC, Plaintiff's sole contention is that the ALJ erred by failing to include any restrictions in Plaintiff's RFC to indicate that Plaintiff was required to use a cane.  Plaintiff asserts that there is evidence in the record indicating that Plaintiff used a cane and that, at the same time, there is no evidence in the record contradicting Plaintiff's use of a cane.  Accordingly, Plaintiff argues that the ALJ erred by failing to account for Plaintiff's use of a cane in assessing Plaintiff's RFC.

In response, the Commissioner points to a specific finding contained within the ALJ's credibility determination.  In that finding, the ALJ acknowledged that Plaintiff used a cane to ambulate, but also noted that no treating physician had ever prescribed or ordered the use of a cane and that the only reference to a cane in the record was made by a nontreating physician approximately twenty months prior to the alleged onset date of Plaintiff's disability.[27]  The Commissioner argues that this finding demonstrates that the ALJ considered Plaintiff's use of a cane but decided to give it little weight.  The court agrees.

Plaintiff does not dispute the ALJ's finding that no treating physician had ever prescribed or ordered the use of a cane.  Instead, Plaintiff asserts that there were numerous references to Plaintiff's use of a cane in the record and no evidence in the record to contradict that he used a cane.  While that may be true, it does not, as Plaintiff suggests, compel the conclusion that the

---

[27] *See* Tr. 27.

ALJ "deliberately ignore[d] the evidence in the record."[28] To the contrary, in the court's view, the ALJ's finding referenced above indicates that he properly considered all of the evidence with respect to Plaintiff's use of a cane in reaching the conclusion that Plaintiff was not required to use a cane. As the court has noted several times, it is the ALJ's role to weigh the evidence and resolve any conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

For these reasons, the court concludes that the ALJ did not err in his assessment of Plaintiff's RFC.

## **CONCLUSION AND ORDER**

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 23rd day of July, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[28] Docket no. 14 at 9.